IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

CHARLES HYBERT LETT,
a/k/a Ty'nisha Mo'uniqua
Chandelier Harris,[1]

        Plaintiff,

v.

JANNA MORGAN, et al.,

        Defendants.

No. 21-CV-074-JFH-JAR

**OPINION AND ORDER**

On March 4, 2021, Plaintiff, a pro se litigant who formerly was in the custody of the Oklahoma Department of Corrections ("DOC") and incarcerated at Oklahoma State Penitentiary ("OSP") in McAlester, Oklahoma, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. Dkt. No. 2. She alleged the defendants denied her medical care in violation of the Eighth Amendment. The defendants are Janna Morgan, DOC Chief Mental Health Officer; Regina VanBlaricom, OSP Health Services Administrator; Cheri Atkinson, DOC Medical Services Manager; Dr. Shields, Qualified Mental Health Professional at Joseph Harp Correctional Center in Lexington, Oklahoma; and Dr. Smash, OSP Mental Health Supervisor. *Id.*

On August 6, 2021, Defendants Smash, Morgan, Campbell (formerly known as Dr. Shields), and Atkinson filed a motion to dismiss or for summary judgment. Dkt. No. 28. Plaintiff,

---

[1] Plaintiff identifies as a transgender female by the name of Ty'nisha Mo'uniqua Chandelier Harris, however, Plaintiff's legal name is Charles Hybert Lett. Because Plaintiff states she identifies as female, female pronouns are used in this Opinion and Order. *See Hardeman v. Smith*, 764 F. App'x 658, 659 n.1 (Feb. 22, 2019) (unpublished).

however, did not file a response. Plaintiff also failed to respond to the Court's show-cause order regarding service of Defendant VanBlaricom. Dkt. No. 29.

On March 23, 2022, Defendants' counsel filed a motion to withdraw and substitute another attorney as counsel of record [Dkt. No. 33], which was granted on March 31, 2022 [Dkt. No. 34]. The motion alleged, in part, that Plaintiff was discharged from custody on or about February 22, 2022, however, she had not provided a forwarding address [Dkt. No. 33 at 1; Dkt. 33-1]. According to the Oklahoma DOC Offender website at https://okoffender.-doc.ok.gov, Plaintiff discharged her sentence on February 22, 2022, and she currently is "outside."[2]

Because Petitioner has failed to advise the Court of her current address, as required by Local Civil Rule 5.6(a), this action is dismissed without prejudice for her failure to prosecute. *See United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 854-56 (10th Cir. 2005) (dismissing appeal sua sponte for failure to prosecute because appellant disappeared and failed to meet court deadlines).

IT IS THEREFORE ORDERED that this action is, in all respects, DISMISSED WITHOUT PREJUDICE for failure to prosecute.

Dated this 29th day of April 2022.

                                                  JOHN F. HEIL, III
                                                  UNITED STATES DISTRICT JUDGE

---

[2] The Court takes judicial notice of the Oklahoma Department of Corrections website pursuant to Fed. R. Evid. 201. *See Triplet v. Franklin*, 365 F. App'x 86, 92, 2010 WL 409333, at *6 n.8 (10th Cir. Feb. 5, 2010).